**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS G. WOOD,

      Plaintiff-Appellant,

v.

CITY OF TOPEKA, KANSAS,
Topeka Housing Authority,

      Defendant-Appellee.

No. 00-3060
(D.C. No. 98-CV-4011-DES)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HENRY, BRISCOE,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Dennis G. Wood sued his former employer, defendant-appellee City of Topeka, alleging discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and retaliation in violation of the First Amendment. [1] He appeals the district court's entry of summary judgment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

**BACKGROUND**

Wood was fifty-two years old when the City fired him from the position of maintenance worker for the Topeka Housing Authority. His personnel record shows that his actions were the basis of two sexual harassment lawsuits filed by two of his co-workers against the City in 1993. The cases were settled, and Wood was suspended for thirty days without pay for each complaint.

In January 1997, Wood was again the subject of two co-workers' sexual harassment complaints. Around the same time, a tenant of the housing authority also made a sexual harassment complaint. The City investigated the allegations and concluded that, with regard to the workplace complaints, Wood had engaged

---

[1] Wood's complaint also alleged sexual harassment, gender discrimination, § 1983 violations of equal protection and due process, breach of express and implied contract, wrongful discharge, intentional infliction of emotional distress, negligence, and loss of consortium. Wood does not challenge the district court's dismissal of these claims on appeal.

in inappropriate conduct in violation of the City's sexual harassment policy. By letter dated February 7, 1997, the City advised Wood of its conclusion, referenced his earlier suspensions, and notified him that his employment was terminated. In the ensuing wrongful discharge lawsuit, the district court entered summary judgment in favor of the City. This appeal followed.

## DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). Summary judgment is appropriate on a record demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[W]e view the factual record and inferences therefrom in the light most favorable to the nonmoving party." *Bullington*, 186 F.3d at 1313.

**First Amendment Claim**

"[A] public employer cannot retaliate against an employee for exercising his constitutionally protected right of free speech." *Finn v. N. M.*, No. 00-2276, 2001 WL 502399, at *3 (10th Cir. May 11, 2001) (quotation omitted). A First Amendment retaliation claim is evaluated under a well-established balancing test requiring: (1) a determination of "whether the employee's speech involves a

matter of public concern" and (2) a balancing of the employee's interest "against the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* (quotations omitted). If this "balance tips in favor of the employee, the employee then must show that the speech was a substantial factor or a motivating factor" in the challenged employment decision. *Id.* (quotations omitted) Finally, if the employee establishes that the speech was a factor, "the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech." *Id*. (quotation omitted).

Here, Wood alleged that he was fired for making it known that his supervisor endangered the health, safety, and welfare of housing department tenants by refusing to respond to emergency repair requests. In evaluating this claim, the district court reached the third step of the applicable test. The court determined that Wood's statements involved a matter of public concern that outweighed the State's interest in efficiency. It concluded, however, that Wood had not sufficiently established that his protected speech was a motivating factor in his discharge.

We agree with the district court that Wood provided no more than a scintilla of evidence in support of his claim. Although his primary evidence, Wood's affidavit, is specific as to his perception of the supervisor's

shortcomings, it provides no connection between Wood's discharge and his speaking out about the supervisor's perceived failings. Moreover, we have viewed the affidavit, as Wood urges, in "the total fabric of the City's overall animosity." Appellant's Br. at 15-16. We conclude that the district court properly resolved Wood's First Amendment claim.

**Age Discrimination Claim**

On appeal, Wood claims that the district court failed to credit his argument that he presented direct evidence of age discrimination, and that the district court reached an incorrect result in applying the burden-shifting analysis for circumstantial cases, first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

Wood asserts that evidence of his supervisor repeatedly making comments about how he would fire old employees constituted direct proof of intentional discrimination.

> A plaintiff proves discrimination through direct evidence by establishing proof of an existing policy which itself constitutes discrimination.
>
> Statements which on their face are expressions of personal opinion, however, can only support an inference of discrimination if the trier of fact finds the inference reasonable, and so constitute only circumstantial or indirect evidence of discrimination against the plaintiff.

*Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir.), *cert. denied*, 121 S.

Ct. 182 (2000) (citations and quotations omitted).

At most, the cited supervisor's comments were an expression of personal

opinion by an individual without hiring and firing authority. "However

inappropriate [these] statements may be, [they] are not direct evidence of

causation on the employment decision." *Id.* (quotation omitted).

The district court properly addressed Wood's age discrimination claim

under the burden-shifting analysis. Using this three-step framework, the plaintiff

> "bears the initial burden of establishing a prima facie case by a
> preponderance of the evidence. One way a plaintiff may establish a
> prima facie case of wrongful termination is by showing that: (1)[ ]he
> belongs to a protected class; (2)[ ]he was qualified for [his] job; (3)
> despite [his] qualifications, [ ]he was discharged; and (4) the job
> was not eliminated after [his] discharge. If the plaintiff establishes
> [his] prima facie case, a rebuttable presumption arises that the
> defendants unlawfully discriminated against [him]. The defendants
> must then articulate a legitimate, nondiscriminatory reason for the
> adverse employment action suffered by the plaintiff. If the
> defendant is able to articulate a valid reason, the plaintiff can avoid
> summary judgment only if [ ]he is able to show that a genuine
> dispute of material fact exists as to whether the defendant's
> articulated reason was pretextual."

*Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1165 (10th Cir. 2000) (quoting

*Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir. 1999) (alteration in original).

The underlying rationale is that an employee's "prima facie case, combined with

sufficient evidence to find that the employer's asserted justification is false, may

permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148 (2000).

Initially, the court entered summary judgment on Wood's claim based on its determination that Wood had failed to establish a prima facie case. Subsequently, Wood filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment on this issue. On reconsideration, the court determined that Wood had indeed established a prima facie case, thus allowing him to proceed to the later stages of the *McDonnell-Douglas* analysis. The court concluded, however, that the City had come forward with Wood's history of sexual harassment as a nondiscriminatory reason for discharging him and that Wood had failed to provide evidence that the City's proffered reason was pretextual. Notwithstanding its changed analysis, the court re-affirmed its previous summary judgment ruling.

For purposes of the *McDonnell-Douglas* analysis, we assume on appeal that Wood presented evidence establishing a prima facie case of age discrimination and that the burden shifted to the City to provide a legitimate, non-discriminatory explanation for its discharge decision. Like the district court, we conclude that the City came forward with such an explanation–the record of sexual harassment complaints made against Wood. Thus, it was Wood's task to show that the City's justification was pretextual.

In some instances, evidence of discriminatory comments may be relevant to the issue of pretext. *See Shorter v. ICG Holdings, Inc.*, 188 F.3d 1204, 1209-10 (10th Cir. 1999). To be significant evidence of pretext, however, the objectionable conduct or remarks should be attributable to an individual responsible for the employment decision. *See Kendrick v. Penske Trans. Serv., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000) (remarking that, where manager was not "simply a rubber stamp or conduit for an employment decision made in reality by underlings, he was not responsible for an underling's allegedly discriminatory actions); *see also Reeves*, 530 U.S. at 151 (evaluating age-based comments made by the individual "principally responsible" for plaintiff's firing).

Wood's speculation that his supervisor "had the ability to join with [others] to trump up sexual harassment claims," Appellant's Br. at 12, does not meet this qualification. Under the circumstances of the present case, the supervisor's comments do not suffice to raise an inference of pretext. [2]

The record reveals no other reasons to disbelieve the City's proffered explanation for terminating Wood's employment. Accordingly, Wood has not created a genuine issue of material fact on his age discrimination claim, either by showing direct evidence of discrimination or by demonstrating pretext under the

---

[2] We note that these comments were characterized in Wood's deposition as "lunchroom banter." Appellant's App. at 347.

*McDonnell Douglas* framework. The district court correctly granted the City's motion for summary judgment on this claim.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge